UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| **MOREY CASE,** an individual,<br><br>  **Plaintiff**<br><br>v.<br><br>**SYNGENTA CROP PROTECTION, LLC,** a Delaware limited liability company,<br><br>  **Defendant.** | Case No. _____<br><br><br>COMPLAINT |

## I.   INTRODUCTION

Plaintiff Morey Case (hereinafter "Morey" or "Plaintiff") files this Complaint against his former employer, Syngenta Crop Protection LLC ("Syngenta") for disability discrimination and retaliation. Syngenta terminated Morey's employment in violation of state and federal law after he requested accommodations for his disability.

## II.   BACKGROUND FACTS

1.   In June 2024, Morey started employment with Syngenta as an Herbicide Operator 3.

2.   Between July 17, 2024 and August 2, 2024 Morey was forced to visit emergency rooms in Omaha, Nebraska for treatment of a diagnosed disability: cluster headaches.

   a. On July 17, 2024, Morey was seen in the Emergency Room at Ortho Nebraska. He was medically approved to return to work effective July 22, 2024.

   b. The provider notes for Morey's July 17, 2024 visit reveal that Mprey's cluster headaches had been in remission for approximately five (5) years but restarted within the last month.

   c. On July 29, 2024, Morey saw a CHI Health Physician, Dr. Linda Miodonski, who cleared Morey to return to work on August 2, 2024.

   d. The next day. on July 30, 2024, Morey had a follow up appointment with his primary care physician, Dr. Michael Klug, at Methodist Health West. Dr. Klug originally excused Morey from work through the remainder of the week, or until August 3, 2024.

   e. On August 4, 2024, Morey returned to see Dr. Klug (Methodist) who gave his medical opinion that Morey needed further evaluation and treatment and excused Morey from work through August 9, 2024.

   f. Dr. Klug modified Morey's return to work date from August 9, 2024 to August 5, 2024, after Morey informed Dr. Klug that Syngenta would terminate Morey's employment if Morey did not return to work on August 5, 2024.

3. After each such visit, Morey returned to Syngenta. Upon each of his returns, Morey gave to Syngenta's on-site nurse, Brian Gall, paperwork documenting

his emergency room and medical visits, which explained the medical reason for Morey's absence and also cleared Morey for return to normal work duties.

4. After his appointments in August 2024, Morey spoke with Syngenta Human Resources representative Rachel Ruleaux.

5. On August 13, 2024 Ms. Ruleaux advised Morey to apply for short term disability accommodations, which he immediately did.

   a. On August 13, 2024, Morey applied for short term disability through Syngenta's benefits carrier, UNUM.

   b. The period covered by Morey's short-term disability was identified by UNUM as from July16, 2024 through August 4, 2024.

6. UNUM approved Morey's request for short term disability benefits for 16 days, a period which included the dates of Morey's emergency room visits and absences identified above in Paragraph 3, *supra*.

7. After following Syngenta's recommendation that he apply for a short-term disability accommodation, Morey was fired by Syngenta within 48 hours of his request for his short-term disability accommodation. Morey's work absences occurred in July 2024, and Morey was notified on August 15, 2024 (the day after he applied for short term disability benefits that his employment was terminated effective immediately. According to Morey's supervisor, Russ Welch, in a letter dated August 15, 2024:

> work rules. Based on your continued absences, tardiness and notification violations, your employment is being terminated effective today, August 15, 2024. We wish you the best in your future endeavors.

8. On September 26, 2024, UNUM sent Morey "confirmation of [his] Short-Term Disability approval." (Exhibit A, a true and correct copy of Exhibit A attached to the Complaint and incorporated here by this reference as if fully set forth.)

9. Despite Syngenta receiving the UNUM notification approving Morey's short-term disability, Syngenta took no action with regard to Morey's employment even after UNUM notified it that Morey's absences in July 2024 were during the very same period for which he was approved for short term disability.

### IIII.   PARTIES

13. Morey Case is an individual who resides in and is a citizen of Nebraska. He was an employee of Syngenta from June 2024 until August 15, 2024, when Syngenta terminated his employment

14. Syngenta ("Syngenta") is a Delaware limited liability company, qualified to do business in Nebraska. Syngenta is located in this District and maintains multiple locations throughout the State of Nebraska..

### IV.   JURISDICTION & VENUE

15. This matter arises under federal and state law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 based on Morey's federal claims set forth in this Complaint. This Court has supplemental jurisdiction over his Nebraska state law claims pursuant to 28 U.S.C. §1367. Morey has complied with the requirements of Nebraska Revised Statute § 48-1101 through §48-1126 and obtained an Administrative Release (Right to Sue) Letter, which is attached to this Complaint as Exhibit B. Exhibit B

4

recognizes Morey's state-based discrimination charge and his corresponding federal EEOC Charge, 32E-2023-00089.

16. Venue is proper in this District pursuant to 28 U.S.C. §1381(b)(2), because the acts complained of were orchestrated from, planned in, and conducted in this District.

## V.    CLAIMS AGAINST SYNGENTA

### A.    DISABILITY DISCRIMINATION

17. Morey incorporates paragraphs 1 through 16, as if fully set forth.

18. Federal and state laws prohibit employers from discriminating against an individual on the basis of a physical or mental disability that substantially limits one or more major life activities, which include speaking, communicating, and working. *See* 42 U.S.C. § 12102(2)(A). The ADA is explicit that the Act should be construed in favor of broad coverage of individuals with respect to their "compensation, terms, conditions, or privileges of employment." 42 U.S.C. 12102(4)(A).[1]

19. Headaches, particularly migraine and/or cluster headaches constitute a physiological disorder which affects both neurological and vascular systems. *Carlson v. InaCom Corp.*, 885 F. Supp. 1314, 1320 (D. Neb. 1995).

20. Morey has been diagnosed with cluster headaches, which qualify as impairments under the ADA.

---

[1] *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013) ("Since the ADA and Rehabilitation Act are 'similar in substance,' we treat the case law interpreting them as 'interchangeable.'")

21. Morey has been prescribed medication and is under a doctor's care for treatment of his headaches.

22. Morey informed Syngenta of his diagnosis of cluster headaches.

23. After Morey was treated for the cluster headaches as described above, Syngenta Human Resources personnel recommended to Morey that he apply for short term disability benefits through Syngenta's benefits provider, UNUM. Morey was approved for short term disability for the time he was absent due to his disability. Despite Morey being protected by being granted short term disability status, Syngenta did not evaluate or consider Morey's status of being on short term disability in connection with its decision to terminate Morey's employment.

24. Before his termination, Morey requested from Syngenta an explanation of the impact of Syngenta not allowing him to be on Syngenta's premises, even after Morey was medically cleared to return to work. To the best of Morey's knowledge, his request was ignored. He never received a response from Syngenta until he was notified of his termination on August 15, 2024, which was effective that same day.

   a. Morey was terminated for absences Syngenta's benefits carrier determined were during the specific period Morey was entitled to coverage by Syngenta's short term disability policy.

   b. Ultimately, Syngenta fired Morey rather than honoring the decision by its benefits carrier that Morey was entitled to short term disability protection.

**B.    RETALIATION**

25.    Morey incorporates here paragraphs 1 through 24, as if fully set forth.

26.    Syngenta Human Resources personnel informed Morey on August 13, 2024 that he could apply for short term disability through Syngenta's benefits carrier. UNUM. While UNUM approved Morey' application for short term disability, Syngenta fired Morey the day after he applied for short term disability benefits and thus ended Morey's Syngenta employment entirely.

27.    In stark contrast to Syngenta Human Resources' directions to Morey to apply for short term disability, Morey lost any possibility of returning to his employment with Syngenta when it used his application for short term disability against him and fired him within two (2) days of Morey applying for short term disability benefits.

28.    In addition to applying for short term disability benefits, Morey also posed a question to Syngenta management about his disability and absences. . He asked whether absences would be treated the same if he reported for work, but Syngenta protocol was applied in such a manner so that he was not permitted to perform his job.

29.    In retaliation for his actions, Syngenta terminated Morey's employment.

## VI.    CONCLUSION

30..    Morey was discharged and is entitled to damages for Syngenta's wrongful and discriminatory acts in terminating his employment.

## VII. REQUEST FOR RELIEF

Morey requests that this Court enter judgment on his behalf and award him damages, as follows:

a. Compensation for lost wages since his discriminatory termination;

b. Compensation for the difference in wages earned working at Syngenta and any position he may have worked to replace his Syngenta employment;

c. Damages for the emotional distress Morey has suffered as a result of Syngenta's wrongful treatment;

d. Interest on amounts due as damages;

e. Attorney fees;

f. Prejudgment interest on all amounts due;

g. Costs of this action; and

h. Such further and other relief as this Court deems fair and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Date: September 23, 2025            MOREY CASE, Plaintiff,

                                    Bye:    */s/ Terry A. White*
                                            Terry A. White, NE Bar No.18282
                                            Burnett Legal Group, LLP
                                            17525 Arbor Street
                                            Omaha, NE 68130
                                            Main: (402) 934-5500
                                            Direct: (402) 682-8006
                                            terry@burnettlegalgroup.com
                                            *Attorney for Plaintiff*